**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

RONNIE WOMACK, SR.                                                                                          PLAINTIFF

v.                                          No. 4:12CV00127 JLH

EVERGREEN PACKAGING INC.;
and JOHN DOE No. 1                                                                                         DEFENDANTS

**ORDER**

Ronnie Womack, Sr., commenced this action in the Circuit Court of Jefferson County, Arkansas, on February 23, 2011, alleging that he was injured on a dock due to the negligence of the dock's owners, International Paper Company and Evergreen Packaging, Inc.  Womack filed an amended complaint on May 31, 2011.  Both defendants filed motions to dismiss.  International Paper Company's motion to dismiss was granted, but by order entered on December 5, 2011, the circuit court denied Evergreen Packaging's motion to dismiss.  Evergreen Packaging filed a notice of removal on February 28, 2012, asserting that this Court has jurisdiction because the action presents a federal question.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Here, the Court lacks subject matter jurisdiction over the plaintiff's amended complaint, so the Court summarily orders that this matter be remanded to the Circuit Court of Jefferson County, Arkansas.

The amended complaint alleges that the defendants owned a dock used for the purposes of transporting dangerous chemicals by pipes from barges to nearby holding tanks and that the plaintiff was injured while unloading a chemical, sulfilic caustic solution, from the barges at the dock.  The amended complaint further alleges that the defendants were negligent in the operation of the dock,

and that this negligence caused the plaintiff's injuries.  Specifically, the amended complaint alleges that the defendants' negligence included, among other things, the failure "to adhere to laws and regulations regarding the unloading and transporting of dangerous caustic chemicals[.]"

The amended complaint also alleges that "the amount of damages in question is equal to or greater than the minimum amount of damages to bring an action in Federal Court."  Consequently, it appears that the requirements of 28 U.S.C. § 1332 for removal based on diversity jurisdiction are satisfied.  However, Evergreen did not file its notice of removal until February 28, 2012, which was much more than thirty days after it was served.  Twenty-Eight U.S.C. § 1446(b)(1) requires that a notice of removal be filed within thirty days of service.  Therefore, Evergreen has waived any right to remove the action based on diversity jurisdiction.

The notice of removal alleges that the plaintiff first identified the laws and regulations alluded to in the amended complaint in discovery responses provided to Evergreen on February 21, 2012.  Specifically, the notice of removal alleges that the regulations identified by the plaintiff's discovery responses are "29 C.F.R. § 1910, including 1910.151 and 1910.119," which are regulations promulgated by the Occupational Safety and Health Administration, a federal entity.[1]  Evergreen contends that the plaintiff's reliance on federal regulations as one of the grounds of his negligence claim creates a federal question.  Evergreen further contends that it was only able to ascertain that the action was removable once it received the plaintiff's discovery responses.  *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an

---

[1] The Administration is part of the United States Department of Labor.  *See*, *e.g.*, *Donovan v. Anheuser-Busch, Inc.*, 666 F.2d 315, 318 (8th Cir. 1981).

amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

Assuming that Evergreen's notice of removal on federal question grounds was timely, the Court nevertheless concludes that removal was improper. " '[F]ederal question jurisdiction extends only to 'civil actions arising under the Constitution, laws, or treaties of the United States'.' " *McLain v. Andersen Corp.*, 567 F.3d 956, 963 (8th Cir. 2009) (quoting *Mamot Feed Lot & Trucking v. Hobson*, 539 F.3d 898, 902 (8th Cir. 2008) (quoting 28 U.S.C. § 1331)). " 'Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint.' " *McLain*, 567 F.3d at 963 (quoting *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 778 (8th Cir. 2009)).

Here, the plaintiff's amended complaint alleges that the defendants engaged in negligence by, among other things, failing "to adhere to laws and regulations regarding the unloading and transporting of dangerous caustic chemicals[.]" This allegation, on its face, amounts to nothing more than a state law claim for negligence. Applying the well pleaded complaint rule, the face of the plaintiff's amended complaint presents no federal question. Therefore, removal was not appropriate.

Under Arkansas law, "the violation of statutes or regulations may be considered by a jury as evidence of negligence[.]" *Rose Care, Inc. v. Coulter*, No. CA 03-813, 2004 WL 576226, at *2 (Ark. Ct. App. Mar. 24, 2004) (collecting cases). This rule extends to "the violation of federal regulations[.]" *Id.* Consequently, the plaintiff's amended complaint, even if premised on a violation of federal regulations, still alleges a state law claim. No federal question appears from the face of the amended complaint, even considering the discovery responses. *See Gaming Corp. of Am. v. Dorsey*

*& Whitney*, 88 F.3d 536, 550 (8th Cir. 1996) ("[A] state law cause of action merely incorporating federal law as an element does not arise under federal law.") (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986) (no federal question because the plaintiff's negligence claim arose under state law even though it was based in part on a violation of federal law that gave rise to presumption of negligence)).

For these reasons, this action is REMANDED to the Circuit Court of Jefferson County, Arkansas. Evergreen's motion for summary judgment is DENIED AS MOOT. Document #5.

IT IS SO ORDERED this 12th day of March, 2012.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE